UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DULAURY FERREIRA,

Plaintiff,

- against -

FAUSTO JAVIER VELOZ SORIANO and
JAVIER THE JEWELER COMPANY LLC,
Defendants.
-------------------------------------------------------------X

Civ Action No: 21-CV-1094

***VERIFIED COMPLAINT***

Plaintiff, DULAURY FERREIRA, ("Plaintiff"), by his attorneys, THE LINDEN LAW GROUP, P.C., as and for his Verified Complaint against the Defendants, alleges as follows:

***PRELIMINARY STATEMENT***

This action is brought by Plaintiff for actual, compensatory and punitive damages against Defendants for *inter alia* fraud and breach of contract of over $700,000 with an exact amount to be determined at trial.

***JURISDICTION and PARTIES***

1. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds the sum of $75,000 and the parties are citizens of different states.

2. Plaintiff DULAURY FERREIRA, is an individual over the age of eighteen and is a citizen of Berks County, State of Pennsylvania.

3. On information and belief, Defendant FAUSTO JAVIER VELOZ SORIANO ("Defendant") and is over the age of eighteen and is a citizen of the City, County and State of New York.

4. On information and belief, Defendant JAVIER THE JEWELER COMPANY LLC is a domestic corporation duly chartered doing business in the City of New York with a principal place of business at 76 West 47th Street, New York, New York.

***STATEMENT OF FACTS***

5. On February 12, 2020, Defendant contacted Plaintiff to build his gold and other jewelry website. Plaintiff himself had experience in this area having built his own and other's jewelry stores and online presence

6. The parties entered an agreement for the above. After Plaintiff built the website, Defendant offered a partnership with Plaintiff as to his profits for the business, as Defendant was unfamiliar with the management of it. Plaintiff then developed a platform for the two to work together.

7. Part of the agreement and which Plaintiff did, was to negotiate and secure appropriate space for the business on 47th Street in Manhattan. At the time, Defendant offered and Plaintiff agreed to 20% of the profit of the business.

8. Plaintiff had developed a partnership program with other jewelry merchants which became wildly successful. He maintained an excellent relationship with both clients and lenders.

9. On August 1, 2020, Plaintiff opened another location in Miami, Florida, with Defendant as his partner.

10. In September, 2020, Plaintiff noticed a number of accounting irregularities with sales from the parties' shared business. Specifically, Plaintiff discovered a monthly sales report of over $800,000, but a discrepancy of only half of that amount accounted for.

11. When confronted with this discrepancy, Defendant refused to produce records of expenses.

12. On October 1, 2020, Defendant demanded to terminate the partnership with Plaintiff and to split the profit at that time.

13. As such on October 2, 2020, the parties put in writing an agreement to dissolve the partnership with specific terms including payments, merchandise and a store to Plaintiff.

14. Said Agreement is annexed hereto as Exhibit "1."

15. At various points in time after the signing of the Agreement on October 2, 2020, Defendant began a "smear campaign" against Plaintiff with his numerous other partners. Among other things, Defendant directed certain partners of Plaintiff to leave his program and work directly with Defendant. He told members not to deal with Plaintiff because he was going to use their information to commit fraud, to be careful of anything they sign with me, and told wholesalers not to trust Plaintiff

16. Defendant's campaign of defamation, trade libel and tortious interference with business against Plaintiff was successful.

17. In addition, Defendant categorically breached each term of the mutual dissolution Agreement the parties had executed on October 2, 2020.

18. As a result of Defendant's breach of contract, fraud and defamation, Plaintiff has suffered significant monetary damage, good will and reputation in the business community in which he operates and has developed.

19. While the total amount of Plaintiff's damages is as yet unknown and will be determined at trial. His actual damages exceed $700,000 from Defendant's breach of the parties contract alone, without regard for those damages stemming from Plaintiff's other causes of action.

***COUNT I***
***Breach of Contract***

20. Plaintiff repeats and realleges each and every allegation above and incorporate same as if fully set forth herein.

21. The Defendant's conduct herein complained of was in derogation of his contractual obligations pursuant to the dissolution Agreement governing the parties winding down of their partnership annexed hereto as Exhibit "1."

22. Defendant's multiple breaches of the contract between the parties caused plaintiff to suffer substantial injury and damage and will in the future continue to cause additional substantial money damages.

23. By virtue of the foregoing, Plaintiff is entitled to judgment for Defendant's breach of the Agreement.

**COUNT II**
**Tortious Interference with Business**

24. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above and incorporates same herein as if fully set forth.

25. Plaintiff had numerous contracts with the various members of his partnership program.

26. Defendant knew of the various contracts Plaintiff had with numerous members and clients of his partnership program.

27. Defendant intentionally procured multiple breaches of the contracts Plaintiff had with various of his other members of the partnership program.

28. Plaintiff suffered damages as a result of those breaches of contract due to Defendants' conduct.

**COUNT III**
**(Defamation and Libel)**

29. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above and incorporates same herein as if fully set forth.

30. Defendants knew, or should have known, that the statements herein complained of were false before they were so published.

31. These defamatory and libelous statements described above were made by the Defendants with malice and/or a reckless disregard for the truth or falsity of such statements.

32. These defamatory and libelous statements described above were published to third parties, namely, to numerous partners and members of Plaintiff's business.

33. Defendants published these false and defamatory statements with knowledge of their falsity and/or with a reckless disregard for the truth or falsity of these statements.

34. These statements constitute defamation and/or libel per se because they have injured Plaintiffs with respect to his trade, business, or profession.

35. These statements constitute defamation and/or libel per se because they falsely impugn the Plaintiffs' honesty, trustworthiness, dependability, and professional fitness and abilities.

36. These defamatory and libelous statements describe above have had a devastating effect on the plaintiff's personal and professional reputations.

37. By reason of the foregoing, Defendants are liable to the Plaintiff for defamation and libel.

38. As a direct, natural and proximate result of said defamation, the Plaintiffs continue to suffer economic and reputational harm.

39. As a result of above Defendants' conduct against Plaintiff, the Plaintiff is entitled to monetary damages.

**COUNT IV**
**Business Disparagement/Injurious Falsehood**

40. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above and incorporates same herein as if fully set forth.

41. Defendants' utterance and/or publication of statements to Plaintiff's other member partners about Plaintiff's business were untrue.

42. The statements herein complained of denigrated and disparaged, and continue to do so, the quality of the Plaintiff's business.

43. The Defendants' disparaging statements were made, and are continued to be made, with ill will, scienter, deliberate falsification, malice and/or reckless indifference.

44. Defendants' false statements about Plaintiff to numerous other of Plaintiff's member partners induced them to refrain from dealing with Plaintiff or otherwise continues to deprive Plaintiff of prospective economic advantage.

45. As a result of Defendants' conduct, the Plaintiff is entitled to monetary damages.

**COUNT V**
**Breach of Implied Covenant of Good Faith and Fair Dealing**

46. Plaintiff repeats and realleges each and every allegation above and incorporate same as if fully set forth herein.

47. Defendants were under an obligation to deal fairly with Plaintiff and in good faith at all times relevant herein and before their transactions with Plaintiff.

48. Defendants willfully or negligently breached covenants to Plaintiff in so acting.

49. Plaintiff suffered damages proximately related to Defendants' breach of implied covenant of good faith and fair dealing.

50. Plaintiff has suffered actual and compensatory damages from Defendants' breach.

**COUNT VI**
**Fraudulent Inducement and Concealment**

51. Plaintiff repeats and realleges each and every allegation above and incorporates same herein.

52. This Cause of Action is asserted against Defendants for actual, compensatory and punitive damages based upon common law fraud and/or fraud in the inducement and concealment.

53. The conduct referred to above constitute numerous intentional misrepresentations, concealments and/or omissions of fact by Defendants.

54. The misstatements, concealments and/or omissions as to stealing of Plaintiff's members or partners.

55. Defendant made the above-described misrepresentations, concealments and/or omissions of material fact with full knowledge of their falsity and/or with reckless disregard of the truth.

56. Defendant intended that the Plaintiff rely upon the aforementioned misrepresentations, concealments and/or omissions.

57. Plaintiff reasonably relied on Defendant's intentional misrepresentations, concealments or omissions.

58. As a result of the Defendant's conduct, Plaintiff was injured for which he is entitled to recover actual, compensatory and punitive damages.

59. The above-mentioned acts were committed by Defendant willfully, wantonly and with reckless disregard of the rights of the Plaintiff, for which Plaintiff requests punitive damages.

**COUNT VII**
**Unjust Enrichment**

60. The Plaintiff repeats and realleges each and every allegation above and incorporates same herein.

61. This Cause of Action is asserted for restitution of Plaintiff's funds based upon common law unjust enrichment.

62. Plaintiff's money and merchandise and program were converted by Defendant for his benefit.

63. By unjustly retaining Plaintiff's funds, Defendants were unjustly enriched.

64. Defendants obtained the benefit of Plaintiff's money and did not return said funds, though duly demanded.

**COUNT VIII**
**Declaratory Judgment/Injunction**

65. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above and incorporates same herein as if fully set forth.

66. Defendants' conduct continues unabated and continues to significantly adversely affect the Plaintiffs' aforesaid business and reputation.

67. An actual and justiciable controversy exists as between the parties.

68. A declaratory judgment would serve a useful purpose in clarifying or settling the legal issues herein set forth and would finalize the controversy and offer relief from uncertainty.

69. Much of the harm resulting from the Defendants' malicious conduct and statements have resulted, and will continue to result, in irreparable harm.

70. Plaintiffs have set forth a basis to determine that they will likely succeed on the merits related to this action.

71. The balance of equities militates in favor of the granting the Plaintiff declaratory and/or injunctive relief.

72. Defendants should be enjoined from engaging in any further or prospective damage to Plaintiff as herein stated.

73. Defendants should be enjoined to withdraw and/or otherwise retract those defamatory statements.

***COUNT IX***
**Accounting**

74. By virtue of the Agreement between the parties and law, and by the aforementioned wrongful acts, Plaintiff demands a full, unfettered and timely accounting for all transactions and/or

monies collected and expended by Defendants pursuant to the Agreement and transactions stated herein.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, for actual, consequential, incidental, statutory and punitive damages and injunctive relief as follows:

i. Actual damages in a sum of money to be determined at trial though exceeding $700,000;

ii. Compensatory and consequential damages in an amount to be determined at trial under the applicable causes of action;

iii. Punitive damages based on Defendants' knowing and willful misrepresentations pursuant to Plaintiff's fraud claims;

iv. Injunctive Relief as to Defendant's ongoing conduct;

v. An Accounting of all profits and losses by records maintained by Defendants;

vi. Interest, costs, disbursements and attorneys' in the action;

vii. Such other relief as the court may deem just proper.

Dated: New York, New York
February 8, 2021

THE LINDEN LAW GROUP, P.C.
*Jeffrey Benjamin*
By: Jeffrey Benjamin, Esq.
Attorneys for Plaintiff
5 Penn Plaza, 23rd Floor
New York, NY 10001
(212) 835-1532

## VERIFICATION

STATE OF NEW YORK )
:ss
COUNTY OF NEW YORK )

DULAURY FERREIRA being duly sworn, depose and say:

That deponent is the plaintiff herein; deponent has read the foregoing **VERIFIED COMPLAINT** and knows the contents thereof: that the allegations are true and accurate to the best of the deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes to be true.

DULAURY FERREIRA

Subscribed and Sworn to before me this

5th day of February, 2021.

NOTARY PUBLIC

JEFFREY BENJAMIN
Notary Public, State of New York
No. 02BE6087180
Qualified in New York County
Commission Expires February 10, 2023